UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOXMIND CANADA ENTERPRISES LTD., <br><br> *Plaintiff* <br><br> v. <br><br> AIMENG-BM, AOSHENGKE, BDWING, CELECSTAN, CIERENZ, COFFLY, DALEO, GONGRUISHANGMAO, GZFY CO,LTD, KSHXY, LAQUEEN, LEETURN, LU PING GUO, MIAOGE DAILY NECESSITIES CO., LTD., NANYANGXIAOLISHANGMAOYOUXIANGONGSI, RUIBOKE, SHUNKANG.STORE, SOLIS CONVENE, SUPERVISUAL, SUQI 19, TOY'S CHOICE CO,LTD, VALUE SELECTIONS, XIANNINGSHILUOYANGSHANGMAOYOUXIANGONGSI, YA WEN MARKET, YICHUNSHIJIANGHAOZHUANGSHIYOUXIANGONGSI, YUANWUHUA and ZHANGXUWEN, <br><br> *Defendants* | **25-cv-924 (JSR)** <br><br> **[PROPOSED] PRELIMINARY INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or FoxMind** | FoxMind Canada Enterprises Ltd. |
| **Defendants** | Aimeng-BM, AOSHENGKE, Bdwing, Celecstan, CIERENZ, COFFLY, Daleo, Gongruishangmao, GZFY Co,Ltd, kshxy, Laqueen, LeeTurn, lu ping guo, Miaoge Daily Necessities Co., Ltd., nanyangxiaolishangmaoyouxiangongsi, RuiBoKE, Shunkang.store, Solis Convene, Supervisual, SUQI 19, Toy's choice Co,Ltd, Value Selections, Xianningshiluoyangshangmaoyouxiangongsi, Ya wen market, yichunshijianghaozhuangshiyouxiangongsi, YUANWUHUA and ZHANGXUWEN |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Capon Dec.** | Declaration of David Capon in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Pop It Products** | A soothing tactile toy and smart bubble popping game |

i

| | |
|---|---|
| | designed to stimulate children's senses and develop logic and reasoning skills |
| **Pop It Mark** | U.S. Trademark Registration No. 6,183,005 for "POP IT!" for goods in Class 28 |
| **FoxMind Products** | A variety of toys and games that offer mind stimulating fun while developing reasoning skills, spatial logic and other skills associated with science, technology, engineering, and math (STEM) |
| **Counterfeit Products** | Products bearing or used in connection with the Pop It Mark and/or marks that are confusingly similar to the Pop It Mark, and/or products in packaging and/or with labeling bearing the Pop It Mark and/or marks that are confusingly similar to the Pop It Mark, and/or products that are identical or confusingly similar to the Pop It Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon and/or Walmart Marketplace as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), Walmart Pay, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon such as Amazon.com, and/or Walmart Marketplace, such as Walmart.com, and any and all as yet undiscovered online |

|  | marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiff having moved *ex parte* on January 31, 2025 against Defendants for the following: 1) temporary restraining order; 2) order restraining merchant storefronts and defendants' assets with the financial institutions; 3) order to show cause why a preliminary injunction should not issue; 4) order authorizing bifurcated and alternative service; and 5) order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on January 31, 2025 ("TRO") which ordered Defendants to appear on February 7, 2025 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on February 5, 2025, Plaintiff requested to modify and extend the TRO, and February 6, 2025, the Court entered an Order granting Plaintiff's request which, *inter alia*, adjourned the Show Cause Hearing to February 14, 2025 at 12:00 p.m. ("February 6, 2025 Order");

WHEREAS, on February 7, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the and the February 6, 2025 Order on each and every Defendant;

WHEREAS, on February 14, 2025 at 12:00 pm., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

## **PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW**

A. Plaintiff is likely to prevail on its Lanham Act related common law claims at trial.

B. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

    a. Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Pop It Mark; and

    b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Pop It Products.

  C.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Pop It Mark and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

  D.    Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Pop It Mark, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Pop It Products.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Pop It Mark and/or

2

marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Pop It Mark;

ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

iii. directly or indirectly infringing in any manner Plaintiff's Pop It Mark;

iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Pop It Mark, to identify any goods or services not authorized by Plaintiff;

v. using Plaintiff's Pop It Mark and/or any other marks that are confusingly similar to the Pop It Mark, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise

3

       disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

  viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

  ix. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until

further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

    ii. instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of notice of this Order, the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said

compliance with this Order.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

      i. account numbers;

      ii. current account balances;

      iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

      iv. any and all account opening documents and records, including, but not limited

  to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

 v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

 vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

 i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

 ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to

Paragraph V(C) of the TRO;

iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of counterfeit Products, or any other products bearing the Pop It Mark and/or marks that are confusingly similar to, identical to and constitute an infringement of the Pop It Mark.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Amazon and/or Walmart Marketplace pursuant to **Paragraph V(C)** of the TRO.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com

   b) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

   c) delivery of:(i) a PDF copy of this Order, or (ii) a link to a secure website where Walmart Marketplace and Walmart Pay will be able to download a PDF copy of this Order via electronic mail at trolegalcomms@walmartlegal.com;

   d) delivery of:(i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail at thirdpartyrequests@payoneer.com;

   e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via

electronic mail to legal-int@pingpongx.com; and

f)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $15,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __14th__ day of __February__, 2025, at __12:03 p__.m.
New York, New York

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE